603 F.2d 1012
 195 U.S.App.D.C. 430
 CADC 79-14 CAMPBELL SIXTY-SIX EXPRESS, INC. and Gordons
Transports, Inc., Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
Deaton, Inc., Intervenor.
 No. 78-1060.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 20, 1978.
Decided Aug. 3, 1979.
 
 Ellen K. Schall, Atty., I. C. C., Washington, D. C., with whom Mark L. Evans, Gen. Counsel, Frederick W. Read, III, Associate Gen. Counsel, I. C. C., Robert B. Nicholson and Robert Lewis Thompson, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondents.
 Kim D. Mann, Washington, D. C., was on the brief, for intervenor.
 John J. Powers, III, and Frederic Freilicher, Attys., Dept. of Justice, Washington, D. C., entered appearances, for respondents.
 Charles Ephraim, Washington, D. C., with whom James F. Flint, Washington, D. C., Phineas Stevens, Harold D. Miller, Jr., Jackson, Miss., were on the brief, for petitioners.
 Before ROBINSON, MacKINNON and ROBB, Circuit Judges.
 Opinion PER CURIAM.
 
 
 1
 PER CURIAM.
 
 
 2
 This is an appeal from an ICC order issuing an unrestricted certificate of public convenience and necessity (pursuant to section 207(a) of the ICC Act, 49 U.S.C. § 307(a)) to Deaton, Inc., a "motor common carrier." Petitioners are competing common carriers. They allege that the ICC's failure to restrict Deaton's certificate to prohibit "tacking"[1] will allow Deaton to compete with and injure petitioners. We agree with petitioners' argument that the ICC did not adequately explain the reasons for its decision. Accordingly, the case is remanded to the ICC.
 
 I. FACTS
 
 3
 Petitioners' argument that Deaton's certificate should be limited by a no-tacking clause was first rejected by a Review Board.[2] The Review Board's determination was based on its belief that ICC regulations specifically prohibited such tacking and therefore that the restriction was not necessary.
 
 
 4
 Petitions for reconsideration were filed and the case was heard by an appellate panel. The panel concluded that the premise for the Review Board's decision that ICC regulations specifically prohibited tacking was incorrect. Therefore, the panel found that the Review Board's decision was inadequate since it
 
 
 5
 failed to consider the effect on certain protestants of potential diversion of traffic by applicant resulting from tacking of the irregular-route authority sought in this proceeding with applicant's existing regular route authority.[3]
 
 
 6
 But after recognizing the Review Board's error, the panel almost summarily affirmed the Review Board's decision that a "no tacking" clause was not necessary.
 
 
 7
 We have given full consideration to the interests of petitioners and other protestants and conclude that the overall record, nonetheless, warrants a grant of the application, particularly to attract new industry and to develop intermodal transportation in Northeast Mississippi. Imposition of restrictions on the authority sought against tacking and interlining as proposed by petitioners Campbell Sixty-Six and Gordons Transports has not been shown to be necessary to protect the interests of these carriers.[4]
 
 II. ANALYSIS
 
 8
 The Supreme Court stated in Bowman Transportation, Inc. v. Arkansas Best Freight, 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974): "The agency must articulate a 'rational connection between the facts found and the choice made.' Burlington Truck Lines v. United States, 371 U.S. 156, 168 (83 S.Ct. 239, 9 L.Ed.2d 207) (1962)." When an agency fails to state the reasons for its decision, then courts should remand the case to the agency for further explanation. See, e. g., Humboldt Express, Inc. v. ICC, 186 U.S.App.D.C. 141, 146, 567 F.2d 1134, 1139 (1977) ("Our present difficulty is that the Commission has failed to state its reasons for reaching the result it considered correct.").
 
 
 9
 In the instant case, the reasons for the Review Board's decision are admittedly incorrect. And in the panel opinion, the only rationale for the Commission's decision is the conclusory statement that the "no-tacking" restriction "has not been shown to be necessary to protect the interests of these carriers." This falls far short of the Bowman standard. First, petitioners presented evidence to support their claim that they would be harmed unless a "no-tacking" restriction were imposed on Deaton. While the Commission may be entirely correct in its conclusion that petitioners' evidence is not sufficient, the Commission should explain why it reached that conclusion. As we stated in Humboldt, supra, 186 U.S.App.D.C. at 144, 567 F.2d at 1137, "(w)e cannot say that petitioners' questions are so frivolous or so lacking in substance as to permit the Commission to treat them in a perfunctory manner."
 
 
 10
 Second, while the Commission's brief explained why the evidence presented by petitioners was inadequate, Post hoc rationalizations are no substitute for a clear explanation by the agency of the reasons for decision in the opinion itself. Judge Tamm wrote for the court in Ace Motor Freight, Inc. v. ICC, 181 U.S.App.D.C. 236, 241, 557 F.2d 859, 864 (1977):
 
 
 11
 We may uphold an agency's decision only upon rationales that may be discerned therein. Post Hoc rationalizations by imaginative government counsel do not suffice.
 
 
 12
 Finally, a clear statement of the reasons for the Commission's decision is particularly important here because there is some confusion as to the standard petitioners must meet to prove that a "no-tacking" clause is necessary. The ICC cites a number of recent cases in which it held that proof of the mere possibility of harm is not enough to meet petitioners' burden. See, e. g., Central Transport, Inc. Purchase (Portion) Piedmont Petroleum Products, Inc., 127 M.C.C. 1, 12 (1977) ("protestants . . . have the burden of showing that there is a probability that they will be significantly harmed. . . .") Unfortunately, there are also a number of ICC opinions that do not require proof of probability of harm. The language of these opinions indicates that the mere "possibility" of harm could justify imposition of a no tacking restriction. See, e. g., Central Transport Ext. Mecklenberg County, N.C., 119 M.C.C. 236, 245 (1973). Moreover, in O. N. C. Freight Systems v. ICC (No. 77-1834), which was argued on the same day as the instant case, the Commission relied on the "possibility" cases to support an order imposing a "no-tacking" restriction.[5] Because of this confusion, the Commission must clearly state which standard is the basis for its decision.
 
 
 13
 In summary, we remand this case to the Commission because the opinion does not adequately explain the reasons for the decision reached. Post hoc rationalizations are not sufficient. On remand, the Commission should be certain that it clearly states the standard on which its decision is based. In addition, the Commission should follow Bowman and explain why the petitioners have or have not met that standard. Of course, "(n)othing in our opinion should be construed as directing the Commission to reach any particular result." Humboldt, supra 186 U.S.App.D.C. at 146-47, 567 F.2d at 1138-39.
 
 
 14
 So ordered.
 
 
 
 [1]
 "Tacking" is defined by Judge Robinson in Chem-Haulers, Inc. v. ICC, 184 U.S.App.D.C. 153, 154, 565 F.2d 728, 729 (1977):
 In times past, by a process known as "tacking," carriers . . . often combined the authority conferred by two certificates relating to the same commodity and sharing a common terminus in order to haul freight between the non-common termini of the respective certificates by way of the common point the "gateway" even though its movement directly between the non-common points was not specifically franchised.
 
 
 [2]
 J.A. 125, 126
 
 
 [3]
 J.A. 153
 
 
 [4]
 Id
 
 
 [5]
 O. N. C. Freight Systems v. ICC, No. 77-1834, Brief for ICC at 31-32